IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KENNETH E. GIBSON,<br>TDCJ-CID No. 330435,<br><br>    Plaintiff,<br><br>v.<br><br>RICK THALER,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. V-10-031 |

**MEMORANDUM OPINION AND ORDER**

Kenneth E. Gibson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against TDCJ-CID Director Rick Thaler alleging that Thaler has defrauded him by claiming that Gibson has been paid by being credited for good-time when in fact the credits do not advance his chances for parole and may be forfeited at any time. (Dkt. No. 1 at 4.)  Gibson requests that this Court declare the practice to be unlawful and unconstitutional and award him cash for the good time he has earned.  The Court will dismiss this action as frivolous.

Gibson is serving a twenty-five year sentence pursuant to a 1982 state court criminal conviction for aggravated robbery; he was also convicted of aggravated assault and received a seven year sentence in 1998. *See* http://www.tdcj.state.tx.us/offender_information.htm.  He was paroled in 1989, but his parole was revoked in 1998. *Gibson v. Thaler*, No. V-10-16 (S.D. Tex. Mar. 2011) (Dkt. No. 8: Memorandum Opinion and Order dismissing as frivolous Gibson's challenge to prison time calculation). His projected release date is November 8, 2012.  *See  Id*.

Gibson's complaint regarding parole is legally baseless because he does not have a constitutional right to be released prior to the expiration of his sentence.  *Greenholtz v. Inmates of*

*the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998). Although Gibson has presented evidence showing that he has forfeited a substantial amount of good time credits *(*Dkt. No. 1-1 at 2*)*, he has not presented any actionable claim because prisoners have no liberty interest in restoration of lost good time credits. *Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). Moreover, a claim for money damages regarding lost or missing good time credits cannot be pursued in a civil rights proceeding unless the administrative decision to forfeit the credits has already been successfully challenged by a petition for a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (*citing Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). Gibson has failed to show that there is any such judgment regarding his time credits. *See Gibson v. Thaler*, No. V-10-16 (S.D. Tex. Mar. 9, 2011) (civil rights complaint challenging TDCJ-CID time calculation dismissed as frivolous).

There is no support for Gibson's argument that he should be paid money for any time that he avoided trouble while in TDCJ-CID because prisoners have no right to any monetary compensation regardless of their conduct in or out of prison. *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006). *See also Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996) (a pretrial detainee who was unlawfully incarcerated and was given a choice between remaining in jail or going to work was not subjected to involuntary servitude). The Thirteenth Amendment does not apply to convicted felons who are incarcerated, and they may be compelled to work without pay as long as their prison custodians assign them to jobs that do not exceed their physical limitations. *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001); *Lewis v. Lynn*, 236 F.3d 766, 767–68 (5th Cir. 2001); *Wendt v. Lynaugh*, 841 F.2d 619, 620–21 (5th Cir. 1988). TDCJ-CID has provided for Gibson's basic necessities and he was not sent there so that he could earn a living wage. *Loving*, 455 F.3d at 563.

If he were to be paid for working while in prison, he could expect some of the proceeds to be set aside in order to compensate his victims. *See Reimmoneng v. Foti*, 72 F.3d 472 (5th Cir. 1996). There is no legal basis to Gibson's claim for compensation for good time credits that were not awarded to him.

Gibson has submitted an Application to Proceed *In Forma Pauperis* (Dkt. No. 2), which shall be granted. Gibson shall pay the $ 350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund shall collect this amount from Gibson's trust account by deducting 20% from each deposit to the account and forward the money to the court in accordance with § 1915(b). No initial partial fee shall be collected because the *in forma pauperis* data sheet (Dkt. No. 2-1) indicates that there were no funds in Gibson's account when the pauper's application was filed.

Gibson has also filed a Motion for Appointment of Counsel (Dkt. No. 6) which shall be denied because there is no constitutional right to appointed counsel in civil rights actions and the issues presented do not warrant such appointment. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

Since Gibson is a prisoner, proceeding *in forma pauperis*, this Court must dismiss this civil rights action if it is frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This action will be **DISMISSED** as frivolous because it has no legal basis.

## Conclusion

The Court **ORDERS** the following:

1. The Application to Proceed *In Forma Pauperis* (Dkt. No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee from the Inmate Trust Account of Kenneth E. Gibson, TDCJ-CID 330435, and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3. The motion for appointment of counsel (Dkt. No. 6) is **DENIED**.

**SIGNED** on this 16th day of March, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE